IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 09-CV-02519-PAB-KLM

HENRY SCHNEIDMAN, an individual,

Plaintiff,

v.

48STRAIGHT INVESTMENTS LLC, an Idaho limited liability company;
KMN SKIING, INC., an Idaho corporation;
48STRAIGHT LLC, a Colorado limited liability company;
KIPP M. NELSON, an individual,

Defendants.

## STIPULATED PROTECTIVE ORDER

This matter is before the Court on the UNOPPOSED MOTION TO ENTER STIPULATED PROTECTIVE ORDER. Having considered Unopposed Motion, the Court GRANTS the Unopposed Motion and, under Fed. R. Civ. P. 26(c), orders as follows:

1.  In this action, at least one of the Parties has sought and/or is seeking Confidential Information (as defined in paragraph 2 below). The Parties also anticipate seeking additional Confidential Information during discovery and that there will be questioning concerning Confidential Information in the course of depositions. The Parties assert the disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests. The Parties have entered into this Stipulation and

request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential Information except as set forth herein.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing: proprietary information, personal or contact information for current or former employees, financial information, or any other information for which a Party asserts a privacy interest.

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner:

> A. By imprinting the word "Confidential" on the first page, cover, or cover letter of any document produced;
>
> B. By imprinting the word "Confidential" next to or above any response to a discovery request; or
>
> C. With respect to transcribed testimony, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony.

4. All Confidential Information shall be subject to the following restrictions:

> A. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;
>
> B. It shall not be communicated or disclosed by any Party's counsel in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an affidavit in the form of Exhibit A has been signed.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original affidavits signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. If opposing counsel objects to the designation of certain information as Confidential Information, he or she shall promptly inform the other parties' counsel in writing of

the specific grounds of objection to the designation. All counsel shall then, in good faith and on an informal basis, attempt to resolve such dispute. If after such good faith attempt, all counsel are unable to resolve their dispute, opposing counsel may move for a disclosure order consistent with this order. Any motion for disclosure shall be filed within 14 days of receipt by counsel of notice of opposing counsel's objection, and the information shall continue to have Confidential Information status from the time it is produced until the ruling by the Court on the motion.

11. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR 7.2.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall immediately return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. At that time, counsel shall also file under seal with this Court the list of individuals

who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and counsel shall provide the Court with verification that any of counsel's work product referencing Confidential Information has been destroyed.

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

16. The Parties agree that Confidential Information may only be disclosed to the following classes of persons (collectively "Recipients"):

(A) To the attorneys of record in this action, their associated attorneys, paralegals and clerical staff provided that each person to whom the information is to be disclosed first shall be shown a copy of this Order and be advised that they are bound by its terms and conditions;

(B) To outside contractors hired to copy, index, sort or otherwise manage the storage and retrieval of discovery materials, provided that the contractor is advised that the documents are subject to a protective order;

(C) To any parties or directors, officers and employees of the parties who are directly assisting in this action, provided that each person to whom the information is to be disclosed first shall be shown a copy of this Order and be advised that they are bound by its terms and conditions;

(D) To any person requested by counsel to furnish technical or other expert services or to give testimony, or otherwise to assist in trial preparation; provided that counsel disclosing the Confidential Information shall maintain a list of the name, title and business address of each such person to whom the information is disclosed; and that each person to whom the information

#1467409 v1 den

is to be disclosed first shall be advised of and agree to the terms and conditions of this Order in writing;

(E) Any person or entity designated as author, addressee, or recipient of such document; ~~and~~

(F) Any person or entity to whom the document itself indicates that the information therein was previously communicated; and

(G) To the Court and judicial staff in connection with the above-captioned action.

Dated at Denver, Colorado, this 10 day of May 2010.

BY THE COURT:

/s/ Kristen L. Mix

**KRISTEN L. MIX**
**U.S. MAGISTRATE JUDGE**
**DISTRICT OF COLORADO**

STIPULATED AND AGREED BY:

| s/Dana B. Baggs | s/ David Tonini |
|---|---|
| Kenneth K. Skogg | Michael J. Hofmann, Esq. |
| Dana B. Baggs | David A. Tonini, Esq. |
| Lowe, Fell & Skogg, LLC | Holme Roberts & Owen LLP |
| 370 Seventeenth Street, Suite 4900 | 1700 Lincoln Street, Suite 4100 |
| Denver, Colorado 80202 | Denver, Colorado 80203-4541 |
| Telephone: (720) 359-8200 | Telephone: (303) 861-7000 |
| ATTORNEYS FOR PLAINTIFF | ATTORNEYS FOR DEFENDANTS |

# EXHIBIT A

## AFFIDAVIT

STATE OF _____ )
                             ) ss.
COUNTY OF _____ )

_____, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *Schneidman v. 48Straight Investments LLC et al.*, Case No. 09-CV-02519-PAB-KLM, a copy of which is attached to this Affidavit.

2. I have been informed that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information show or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

_____
(Signature)

_____
(Print or Type Name)

Address:
_____
_____

Telephone No.: (___) _____

SUBSCRIBED AND SWORN to before me this ____ day of _____, 20__, by
_____.

WITNESS my hand and official seal.

[S E A L]

_____
Notary Public

My Commission Expires:_____